## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JUSTIN SPIEHS,

   Plaintiff,

   v.            Case No. 25-4067-JWB-BGS

ERIK SMITH, *et al.*,

   Defendants.

## MEMORANDUM AND ORDER GRANTING MOTION TO STAY

This matter comes before the Court on the "Motion to Stay Discovery" filed by Defendants Stephen Byttner, Florencio Chavez, Bryce Manker, Adam Proffitt, Scott Scheibe, Erik Smith, and Grady Walker (hereinafter "Defendants").[1] (Doc. 28.)  By way of this motion, Defendants ask the Court to stay all discovery until the District Judge rules on his pending motion to dismiss because they have raised the defense of qualified immunity as to certain, but not all, Defendants.  (*See generally* Doc. 29.)  Plaintiff has responded in opposition.  (Doc. 30.)  Defendants have not yet filed a reply brief, but the Court, in its discretion, finds additional briefing to be unnecessary.  The Court **GRANTS** Defendants' request to stay discovery and related proceedings.

### I. Background.

On July 8, 2025, Plaintiff filed his Complaint relating to actions that occurred during two protest events at the Kansas State Capitol, on March 28, 2025, and June 14, 2025.  (*See generally* Doc. 1.)  Plaintiff names as Defendants Erik Smith, Superintendent of KHP, and Adam C. Proffitt, Secretary of the Kansas Department of Administration, who are sued in their official capacities.  The

---

[1] The Court notes that Defendant Darren Canty has not entered an appearance or filed a responsive pleading in this case.  Plaintiff has filed an application for a clerk's entry of default against Canty.  (Doc. 32.)  Any reference by the Court to the collective "Defendants" in this Order does not include reference to Defendant Canty.

official capacity claims challenge the Department of Administration's "Policy for Usage of the

Kansas Statehouse and Grounds July 2025" ("2025 Policy") as well as a related ("Prior Policy").

Plaintiff also names the following Defendants in their individual capacities:  Grady Walker,

Lieutenant of the Kansas Highway Patrol ("KHP"), sued in his individual capacity; Stephen M.

Byttner, Bryce Manker, Florencio Chavez, and Scott Scheibe, all of whom are officers of the KHP

and sued in their individual capacities; Darren Canty, an officer with the City of Topeka Kansas

Police, sued in his individual capacity.

Plaintiff brings causes of action for alleged violations of the Kansas Preservation of

Religious Freedom Act ("KPRFA") against Defendant Proffitt and the KHP Officer Defendants

(first cause of action), alleged violations of his First Amendment Rights against Defendants Smith

and/or Proffitt (second and third causes of action), alleged violations of his due process rights under

the Fourteenth Amendment against all Defendants other than Canty (fourth cause of action), alleged

First Amendment discrimination and retaliation against Defendant Canty and the KHP Officer

Defendants (fifth cause of action), and a claim for alleged false arrest and excessive force against all

Defendants other than Proffitt and Smith (seventh cause of action).  He also seeks declaratory relief

against all Defendants (sixth cause of action).

Defendants Proffitt and Smith filed their Motion to Dismiss on August 15, 2025.  (Doc. 16.)

Therein, there Defendants argue in part that Plaintiff had not alleged a plausible KPRFA claim

against Defendant Proffitt, Plaintiff's facial challenge to the 2025 policy does not state a plausible

claim for relief, and Plaintiff's procedural due process claim regarding the prior policy is moot.

(Doc. 17.)

Defendants Walker, Byttner, Manker, Chavez, and Scheibe filed their Motion to Dismiss on

October 3, 2025.  (Doc. 24.)  Therein, these Defendants argue Plaintiff's First and Fourth

Amendment claims "cannot overcome the KHP Defendants' qualified immunity defense" while the

due process and declaratory relief claims fail as a matter of law.  (Doc. 25, at 2.)  They also argue that

Plaintiff has failed to state a plausible cause of action per the KPRFA "because he does not plausibly

allege any religious exercise was burdened during the March 2025 event or that he was exercising his

religion during the June 2025 event."  (*Id.*)

On October 20, 2025, all Defendants but Canty collectively filed the present motion to stay

on the basis that Defendants Walker, Byttner, Manker, Chavez, and Schiebe have asserted qualified

immunity as a defense.  (*See generally* Doc. 29.)  Defendants contend that a stay is appropriate because

in cases with multiple defendants, "the Supreme Court has rejected the suggestion that discovery

could proceed against some defendants while discovery is stayed against other defendants."  (*Id.*

(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86, 129 S. Ct. 1937, 1953-54, 173 L.Ed.2d 868 (2009).)

That same day, Plaintiff filed his brief in opposition to the requested stay, arguing that the "obvious-

case" doctrine "precludes any plausible immunity defense,"[2] the officers' recorded statements

"establish the violation without further factual development," the requested stay would involve

Defendants without an immunity defense, Plaintiff's constitutional injury would be ongoing, and

Defendants' cited cases are not analogous.  (*See generally* Doc. 30.)  The Court will now address the

parties' arguments.

## II.    Legal Standard.

The decision to stay is incidental to the Court's inherent power "to control the disposition of

the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

*Landis v. North. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 1636, 1650, 166 81 L.Ed. 153 (1936).  In

exercising this discretion, a court "must weigh competing interests and maintain an even balance."

*Id.*, at 255.  Additionally, the court may stay discovery upon a showing of good cause "to protect a

---

[2] With this decision, the undersigned Magistrate is not making a determination as to the validity or viability arguments
raised by any of the parties in the context of their dispositive motion briefing.

party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990). Any such stay must be kept within the "bounds of moderation." *Id.* at 256.

Generally, the District of Kansas does not favor staying discovery pending a ruling on a dispositive motion. *Tomes v. LoanCare, LLC*, No. 22-2421-JWB-KGG, 2023 WL 2784844, at *1 (D. Kan. Apr. 5, 2023). However, there are recognized exceptions to that policy. A stay may be appropriate if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-CV-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024). If one of these circumstances is present, a stay may be appropriate. *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). *See also Watson v. Unified Sch. Dist. No. 500*, No. 19-1044-EFM-JPO, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019). "The proponent of a stay bears the burden of establishing its need." *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay").

## III.  Analysis.

Defendants assert that the case should be stayed pending a ruling on the two motion to dismiss because some of the Defendants have raised qualified immunity as a defense. Qualified immunity is a broad protection that gives government officials a right not only to avoid standing trial, but to also avoid the burden of pretrial matters such as discovery. *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001). Immunity is a threshold issue that allows courts to "weed out" suits before requiring the defendant to expend considerable time and resources to defend the suit. *Siegert*

*v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991).  A defendant is therefore generally entitled to have questions of qualified immunity resolved before being required to engage in discovery.  *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019).

Plaintiff argues, however, that a stay herein is improper because it would apply to all Defendants, including those who are not raising an immunity defense.  (Doc. 30, at 2.)  The Court does not agree and finds that a stay of discovery is warranted as to all Defendants.  The claims against the Defendants, taken as a whole, are "so closely related" that

> allowing discovery to proceed as to [those Defendants without the immunity defense] while the Motion[s] to Dismiss awaits ruling would prejudice [the Defendants raising the defense] in precisely the manner that the stay … is intended to prevent.  Bifurcated discovery would also be impractical and inefficient, based on the common nucleus of facts present in the claims against [all] Defendants.  In addition, the risk of prejudice to [Plaintiff] from a temporary stay of discovery is outweighed by the risk of prejudice to Defendants.

*Monroe v. City of Lawrence*, No. 13-2086-EFM-DJW, , 2013 WL 6154592, at *3 (D. Kan. Nov. 21, 2013).  *See also Doe v. Porter,* No. 24-2341-JWB-BGS, 2024 WL 5187480, at *2-3 (D. Kan. Dec. 19, 2024) (entering a stay when only one of two defendants raised the qualified immunity defense in a motion to dismiss).

Thus, the Court finds a stay of discovery appropriate.  Under the circumstances presented, it is necessary to allow the District Judge to resolve those threshold immunity issues before requiring Defendant to participate in discovery.  *Clay v. Hydro*, No. 19-3245-DDC-ADM, 2020 WL 3429461, at *2 (D. Kan. June 23, 2020) (finding that a stay is appropriate when immunity issues are raised in dispositive motions).

Discovery into the issue of immunity is not necessary to counter the arguments raised in the motions to dismiss.  *Arnold*, 2019 WL 2438677, at *3.  Further, Defendants correctly assert that it is established that facts sought through "discovery wouldn't affect the resolution of either [dispositive]

motion." (Doc. 29, at 3.)  Plaintiff concurs in his response brief, but argues this is "reason to allow discovery to proceed, not to stay it" because the dispositive motions "can be decided on the existing record while discovery moves forward on other issues … ."  (Doc. 30, at 6 (emphasis in original).) The Court finds Plaintiff's argument to be unpersuasive as this is a clearly-established reason for entering a stay of discovery.  *See KetoNatural Pet Foods, Inc.*, 2024 WL 4274891, at *2.  The Court finds that allowing discovery under these circumstances would clearly be "wasteful and burdensome."  *Id.*

Accordingly, Defendants' motion is **GRANTED**.  The Court will stay discovery and all related Rule 26 proceedings until the District Judge rules on the motions to dismiss.  *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *2 (D. Kan. Apr. 10, 2020).

**IT IS THEREFORE ORDERED** that Defendants' motion to stay discovery (Doc. 28) is **GRANTED**.  Discovery and the related Rule 26 proceedings, including the obligation to provide initial disclosures, submit a proposed scheduling order, and attend a scheduling conference, are stayed until the District Judge rules on the Defendant's motions to dismiss.  Should any of Plaintiff's claims survive the dispositive motions, the parties are instructed to contact chambers for the undersigned within 10 days of the District Court's ruling so that the Court may set this case for a scheduling conference.

**IT IS SO ORDERED.**

Dated October 23, 2025, at Wichita, Kansas.

/s/ BROOKS S. SEVERSON
Brooks G. Severson
United States Magistrate Judge